UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-23195-Civ-SCOLA

SERGIO RIVAS, and ROBERT NAVARRETE,

    Plaintiffs,

vs.

ERIC FIGUEROA, ROBERT AZICRI,
and CITY OF MIAMI BEACH

    Defendants.
_____/

## ORDER DENYING FIGUEROA AND AZICRI'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendants Eric Figueroa's and Robert Azicri's Motion to Dismiss (ECF No. 26). The Court has considered the parties' arguments, the Third Amended Complaint, and the relevant legal authorities. For the reasons explained in this Order, the Defendants' Motion to Dismiss is denied.

### I. BACKGROUND[1]

This case involves allegations of excessive force and malicious prosecution against two City of Miami Beach police officers, Eric Figueroa and Robert Azicri (collectively "Defendants" or "Officers"). The Plaintiffs, Sergio Rivas and Robert Navarrete, allege that they were standing on a sidewalk and, using their mobile phones, pretending to video record the Officers while the Officers were conducting a traffic stop some distance away. Upon noticing the Plaintiffs, and believing they were being recorded, the Officers allegedly became angry. The Officers took the Plaintiffs into custody, confiscated their mobile phones and began searching them for the recordings. According to the Plaintiffs, the Officers then severely beat the Plaintiffs, and later conspired together and prepared false arrest affidavits, which lead to charges being filed against the Plaintiffs. These charges were later dropped. The Plaintiffs have sued the Officers for battery, false arrest/imprisonment, malicious prosecution, and violation of Section 1983

---

[1] The factual background and general allegations are set forth in the Third Amended Complaint, (ECF No. 22). It is well established that a court ruling on a motion to dismiss must accept well-pled factual allegations as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007); *see also Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

(violation of civil rights under color of law). The Officers have moved to dismiss the malicious prosecution claims and the Section 1983 claims.

## II. LEGAL STANDARD: MOTION TO DISMISS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss, a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

While detailed factual allegations are not required, a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Id.* When considering a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept all of the plaintiff's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## III. DISCUSSION

### A. Claims For Violations of Section 1983 (Count IV)

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). In the United States, persons have a constitutional right to be free from unreasonable searches and seizures. U.S. Const. amend. IV. The Fourth Amendment includes the right to "be free from the use of excessive force in the course of an arrest." *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002). A police officer who is present while another officer uses excessive force on a victim can be held liable, even if the observing officer never strikes the victim. *Velazquez v. City of Hialeah*, 484 F.3d 1340, 1341-42 (11th Cir. 2007).

The Defendants concede that the Third Amended Complaint sufficiently alleges a claim for excessive force on behalf of Navarrete against both Officer Figueroa and Officer Azicri. (Mot. to Dismiss 4, ECF No. 26.) The Defendants also concede that there are sufficient allegations on behalf of Rivas against Officer Figueroa. (*Id.*) The Defendants argue that there are no allegations of excessive force on behalf of Rivas against Officer Azicri.

Here Rivas has alleged that, while he was handcuffed, Officer Figueroa hit him repeatedly with a book, and then struck him again several times with his open palm, leaving him bleeding from his eye. (Third Am. Compl. ¶¶ 14, 17, ECF No. 22.) Rivas has also alleged that during this assault Officer Azicri was five feet away and could have easily prevented any blows, subsequent to the first, received by Rivas, but that Officer Azicri made no attempt to stop the numerous blows inflicted by Officer Figueroa. (*Id.* at ¶ 15.)

Since an officer may be held liable for failing to intercede in the excessive force used by another officer, it stands that Rivas has adequately pleaded a cause of action against Officer Azicri here. For these reasons the Defendants' Motion to Dismiss is denied as to Count IV. The Court notes that this claim may ultimately prove to be redundant of Count VI (violation of Section 1983 against Azicri for failure to intervene), however, that is not a reason to dismiss Count IV at this stage of the case or for the reasons argued by the Officers.

### B. *Claims for Malicious Prosecution (Count III)*

Under Florida law, a claim for malicious prosecution has six elements:

> (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding."

*Durkin v. Davis*, 814 So. 2d 1246, 1248 (Fla. Dist. Ct. App. 2002). The Defendants challenge the sufficiency of the allegations with respect to the second, third, fourth, and fifth elements of this claim.

### 1. *Allegations Regarding Whether the Defendants Were The Legal Cause of The Plaintiffs' Prosecutions*

The Defendants argue that the Third Amended Complaint is insufficient on the issue of whether the Defendants were the legal cause of the Plaintiffs' legal proceedings. First, the Defendants contend that there are no facts asserted that Officer Azicri arrested either Rivas or Navarrete. Second, the Defendants maintain that there are no facts pleaded that suggest that either Officer Figueroa or Officer Azicri took any steps after the arrest to encourage or maintain the prosecution, in other words, that after the initial arrest the decision to prosecute from that point forward was left to the State Attorney's Office. Specifically, the Defendants argue that the Plaintiffs' allegations that the Defendants conspired together and submitted false arrest reports is

insufficient to permit the inference that the Defendants were the cause of the Plaintiffs' prosecutions. The Defendants maintain that the mere submission of an affidavit to the state attorney's office is insufficient to demonstrate a causal relationship and impose liability against an officer. (Mot. to Dismiss 6-8, ECF No. 26.)

In determining liability for malicious prosecution, the test is whether the defendant was the proximate cause of the prosecution, regardless of whether he or she was the "prosecutor of record," or whether he or she arrested the plaintiff. *Harris v. Lewis State Bank*, 482 So. 2d 1378, 1381-82 (Fla. Dist. Ct. App. 1986). The general rule is that if the defendant merely gives a statement to the authorities and leaves the decision to go forward with the case completely to the prosecutor's office, that person will not be liable for a malicious prosecution. *Orr v. Belk Lindsey Stores, Inc.*, 462 So. 2d 112, 114 (Fla. Dist. Ct. App. 1985). However, if the defendant knowingly gives false information, and thus influences the prosecutor's office, then the defendant may be held liable. *Id.*

Here, the Plaintiffs have alleged that they did not engage in any actions that could reasonably be considered "disorderly conduct," under Florida law. (Third Am. Compl. ¶¶ 10-11, 28.) According to the Plaintiffs, the Defendants collaborated with each other and prepared false arrest affidavits containing spurious facts regarding the Plaintiffs. (*Id.* at 19.) The Plaintiffs have further alleged that because of the Defendants' falsified arrest affidavits they were both charged with disorderly conduct on an establishment.

The Plaintiffs have adequately alleged sufficient facts to satisfy Federal Rule of Civil Procedure 8(a). This is not a situation where a plaintiff is merely offering labels and conclusions. On the contrary, the Plaintiffs have alleged that the Defendants swore out arrest affidavits which served as the basis for their being charged with disorderly conduct on an establishment. The Plaintiffs have also alleged that they did not engage in any conduct which could reasonably serve as the basis for such arrest affidavits. The natural conclusion is that the Defendants' sworn statements were false. Based on the Plaintiffs' allegations that the Defendants' falsified statements led directly to the decision to go forward with the prosecution, the Plaintiffs have adequately pleaded facts which, if proven, could support a verdict against the Defendants.

### 2. Allegations Regarding Whether The Decisions To "Nolle Pross" The Plaintiffs' Cases Constituted a Bona Fide Termination of Those Proceedings

The Defendants assert that the Plaintiffs have failed to adequately allege that the prosecution against them was resolved in their favor. Specifically, the Defendants contend that the Plaintiffs' allegation that "[t]he criminal proceedings against Rivas and Navarrete were resolved in their favors by *Nolle Prosses*," is too conclusory. (Mot. to Dismiss 10, ECF No. 26.)

Under Florida law, the element of "a bona fide termination of the criminal prosecution in favor of the person bringing the malicious prosecution action [is] satisfied if . . . there is a good faith *nolle prosequi* or declination to prosecute." *Gatto v. Publix Supermarket, Inc.*, 387 So. 2d 377, 380-81 (Fla. Dist. Ct. App. 1980). However, a *nolle prosequi* decision that is based upon a criminal defendant's negotiated plea or bargain, such as an agreement to complete a pretrial diversion program or to pay restitution, will not satisfy this element of a malicious prosecution claim. *See DeMarie v. Jefferson Stores, Inc.*, 442 So. 2d 1014, 1016 n.1 (Fla. Dist. Ct. App. 1983); *see Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1356 (Fla. 1994).

The Plaintiffs have alleged that they did not engage in any conduct which could reasonably serve as the basis for an arrest, and subsequent prosecution, for disorderly conduct. (Third Am. Compl. ¶¶ 10-11, 28.) The Plaintiffs have further alleged that neither Rivas nor Navarrete bargained for or negotiated with the prosecutor's office in order to obtain the decision to *nolle pross* their cases. (*Id.* ¶ 31.) The natural inference given these allegations is that the termination of the original proceedings constituted a bona fide termination of those proceedings in favor of the present Plaintiffs. The Plaintiffs have pleaded facts, namely that the *nolle pross* decisions were not predicated upon a negotiated plea or bargain, such as an agreement to complete a pretrial diversion program or to pay restitution. Accordingly, the Plaintiffs have satisfied the federal pleading standard on this issue.

### 3. Allegations Regarding Whether There Was an Absence of Probable Cause For The Original Proceedings

The Defendants present two arguments relating to this element. First, that the Plaintiffs' allegation that the Defendants caused prosecutions to be instituted against them without probable cause is merely a conclusory statement. Second, the Defendants contend that under the facts alleged in the Third Amended Complaint, probable cause existed for an arrest. (Mot. to Dismiss 11, ECF No. 26.)

"Probable cause is defined as [a] reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." *Goldstein v. Sabella*, 88 So. 2d 910, 911 (Fla. 1956) (internal quotation omitted).

The Plaintiffs have alleged that they did not engage in any conduct which could reasonably serve as the basis for an arrest, and subsequent prosecution, for disorderly conduct. (Third Am. Compl. ¶¶ 10-11, 28.) Further, the Plaintiffs allege that they were not even on the premises of the location where the Defendants claimed that they were disrupting the peace. (*Id.* ¶ 28.) The Plaintiffs have specifically pleaded that they were arrested, and later beaten, by the Defendants not because they were acting disorderly but rather because the Officers were angry over the Plaintiffs video recording the Officers during a traffic stop. (*Id.* ¶ 8.) The Court must accept all of the Plaintiffs' allegations as true, construing them in the light most favorable to the Plaintiffs. Here, the Plaintiffs have articulated enough facts to state a claim to relief that is plausible on its face.

### 4. *Allegations Regarding Whether There Was Malice On The Part of The Defendants*

The Defendants again assert that the Plaintiffs' allegations regarding malice are merely labels and conclusions. The Defendants reason that there are no facts alleged from which the Court could reasonably infer that the Officers acted with malice. (Mot. to Dismiss 12, ECF No. 26.) In the context of a claim for malicious prosecution, malice means without reasonable cause, out of ill will, animosity and with a desire to do harm for harm's sake. *Erp v. Carroll*, 438 So. 2d 31, 40 n.13 (Fla. Dist. Ct. App. 1983). "[M]alice may be inferred entirely from a lack of probable cause." *Adams v. Whitfield*, 290 So. 2d 49, 51 (Fla. 1974). "Malice . . . may be alleged generally." Fed. R. Civ. P. 9(b).

The Plaintiffs have adequately pleaded the element of malice in several ways. First, they have alleged that they were wrongfully arrested based on falsified affidavits and repeatedly beaten by the Defendants. (Third Am. Compl. ¶ 14, 19, 21-25, ECF No. 22.) Next, they have correctly argued that malice may be inferred based on the allegations of their arrests without probable cause. Finally, they have generally alleged that the Defendants acted with malice – which is enough under the Federal Pleading Rules.

## IV. CONCLUSION

For the reasons set out in this Order, it is **ORDERED** that Defendants Figueroa's and Azicri's Motion to Dismiss (ECF No. 26) is **DENIED**. Defendants Figueroa and Azicri must file their Answer to the Third Amended Complaint on or before **May 1, 2012**.

**DONE and ORDERED** in chambers, at Miami, Florida, on April 18, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

Copies to:
*Counsel of record*