UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-23195-Civ-SCOLA

SERGIO RIVAS, and ROBERT NAVARRETE,

    Plaintiffs,

vs.

ERIC FIGUEROA, ROBERT AZICRI,
and CITY OF MIAMI BEACH

    Defendants.
_____/

### ORDER DENYING CITY OF MIAMI BEACH'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant City of Miami Beach's Motion to Dismiss (ECF No. 35). The Court has considered the parties' arguments, the Third Amended Complaint, and the relevant legal authorities. For the reasons explained in this Order, the Defendant's Motion to Dismiss is denied.

### I. BACKGROUND[1]

This case involves allegations of a widespread practice of constitutional violations and a custom of failing to investigate and punish those violations by the City of Miami Beach Police Department. The Plaintiffs, Sergio Rivas and Robert Navarrete, allege that they were standing on a sidewalk in Miami Beach, Florida, and were pretending to video record two Miami Beach police officers who were conducting a traffic stop some distance away. Upon noticing the Plaintiffs, and believing they were being recorded, the Officers allegedly became angry. The Officers took the Plaintiffs into custody, confiscated their mobile phones and began searching the phones for the recordings. According to the Plaintiffs, the Officers then severely beat the Plaintiffs, and later conspired together and prepared false arrest affidavits, which led to charges being filed against the Plaintiffs. These charges were later dropped.

---

[1] The factual background and general allegations are set forth in the Third Amended Complaint, (ECF No. 22). It is well established that a court ruling on a motion to dismiss must accept well-pled factual allegations as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007); *see also Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

The Plaintiffs have sued Miami Beach for a violation of 42 U.S.C. § 1983 (2006). Miami Beach has moved to dismiss the Section 1983 claim. The Plaintiffs allege that their constitutional rights were violated because of specific policies, customs, and practices of Miami Beach. Specifically, the Plaintiffs allege that Miami Beach has a custom of condoning instances of police brutality (*i.e.*, excessive use of force). (Third Am. Compl. ¶ 70(a), ECF No. 22.) In support of this allegation the Plaintiffs set forth, in great detail, sixteen alleged instances of Miami Beach police officers using excessive force and receiving no disciplinary action from Miami Beach. (*Id.* ¶ 43(a-p).)

The Plaintiffs also allege that Miami Beach has a custom and practice of allowing its police officers to violate individuals' First and Fourth Amendment rights by permitting officers to conduct warrantless and unlawful searches of cameras or mobile phones. (*Id.* ¶ 37-38, 70b.) The alleged purpose of these unlawful searches is to delete any images of the police officers engaging in unlawful behavior, namely using excessive force. In support of these allegations, the Plaintiffs have detailed five instances where Miami Beach police officers confiscated individuals' cameras or mobile phones and deleted images from the cameras. (*Id.* ¶ 40(b), (d), (f), (g), & (i).)

Relatedly, the Plaintiffs allege that through the several examples cited, Miami Beach has been on notice that its officers were unlawfully seizing individuals' cameras/mobile phones and destroying images on those devices. As alleged, this pattern and practice results in Miami Beach officers violating individuals' First, Fourth, and Fourteenth Amendment rights. (*Id.* ¶ 70(c).) Despite being aware of this pattern of constitutional violations, the Plaintiffs assert that, Miami Beach has failed to train its officers in the proper ways to interdict and preserve video and photographic evidence, and how to interact with the public without violating their constitutional rights, such as the freedom of speech, and the right to be free from unreasonable searches and seizures. (*Id.* ¶ 47.)

## II. Legal Standards

### A. Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss, a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

While detailed factual allegations are not required, a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Id.* When considering a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept all of the plaintiff's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

### B. Municipal Liability Under 42 U.S.C. § 1983

Any person acting under color of state law who violates a constitutional right of another is liable for the injured party's losses. 42 U.S.C. § 1983 (2006). A municipality cannot be held liable for the actions of its agents under a *respondeat superior* theory. *Monell v. Dep't of Soc. Svcs. of N.Y.*, 436 U.S. 658, 690-91 (1978). However, a municipality may be sued for violating Section 1983 if the alleged constitutional violation is caused by a municipality's custom or policy. *Id.* Municipality liability under Section 1983 can exist where a persistent and widespread discriminatory practice is not a formal written policy, or even where the custom is contrary to written policy. *Id.* at 691. "In other words, a longstanding and widespread practice is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." *Brown v. City of Ft. Laud.*, 923 F.2d 1474, 1481 (11th Cir. 1991)

Municipality liability flowing from a policy or custom "may include a failure to provide adequate training if the deficiency 'evidences a deliberate indifference to the rights of its inhabitants.'" *Lewis v. City of W. Palm Beach, Fla.*, 561 F.3d 1288, 1293 (11th Cir. 2009) (quoting *City of Canton v. Harris,* 489 U.S. 378, 388 (1989)). In order to meet this "deliberate indifference" standard, a plaintiff must allege that "the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *See Gold v. City of Miami,* 151 F.3d 1346, 1350 (11th Cir.1998).

### III. DISCUSSION

#### A. Allegations Regarding Miami Beach's Policy or Custom of Permitting Officers to Use Excessive Force Due To Inadequate Investigations and Punishment.

Miami Beach argues that the Plaintiffs' theory that a municipality can be held liable for conducting allegedly inadequate investigations is not legally viable. (Mot. to Dismiss 10-11, ECF No. 34.) According to Miami Beach, only the "total failure to investigate <u>similar</u> prior

claims creates an actionable pattern supporting § 1983 municipal liability." (*Id.* at 11.) Miami Beach also argues that the several past incidents alleged by the Plaintiffs contain only generalized assertions of excessive force and are not similar to the Plaintiffs' claimed injuries in this case.

Miami Beach relies on the case of *Gold v. City of Miami* to support its argument that inadequate investigations into allegations of excessive force cannot constitute a legally viable claim. First, *Gold* was an appeal following a trial. This matter is only at the motion to dismiss stage. Second, in *Gold* the plaintiff submitted no evidence of prior instances regarding the police practice that he was claiming violated Section 1983. *Gold*, 151 F.3d at 1351. Here, the Plaintiffs have alleged several prior instances which they contend demonstrate a pattern and practice of excessive force used by Miami Beach police officers and subsequent investigations which have failed to result in any disciplinary action. At this stage of the case, these allegations must be accepted as true and must be viewed in a light most favorable to the Plaintiffs. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

The Supreme Court has "long recognized that a plaintiff may be able to prove the existence of a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (internal quotation omitted). A municipality may be liable for violating Section 1983 even where the municipality provides rules and regulations for the operation of its police department, if those rules were repeatedly violated and the municipality failed to rectify the situation. *Depew v. City of St. Marys, Ga.*, 787 F.2d 1496, 1499 (11th Cir. 1986).

Here, the Plaintiffs are claiming that the numerous examples of Miami Beach police officers using excessive force without any official repercussion for their actions demonstrates the existence of a widespread practice of tacitly approving of this unconstitutional activity. In other words, although there is no formal policy allowing Miami Beach police officers to use excessive force, Miami Beach's decision to not discipline the offending officers, in the face of numerous instances of excessive force, has established a custom that this activity is permitted.

In this case, the Plaintiffs claim that they were unjustly targeted by Miami Beach police officers because they were pretending to video record the officers. They further claim that they were wrongly arrested and severely beaten by the officers because the officers thought they had

recorded them. While the multiple examples of prior incidences alleged by the Plaintiffs are not precisely identical to the facts in this case, they are similar enough to make out a claim that Miami Beach has adopted a widespread practice of permitting its officers to use excessive force. The Third Amended Complaint adequately pleads a cause of action that use of excessive force by Miami Beach officers (without any negative repercussions) has become so permanent and well settled as to constitute a custom or policy.

### B. Allegations Regarding Miami Beach's Failure to Train Officers On Proper Techniques Regarding Searches and Seizures of Photographic and Video Images.

Miami Beach frames the Plaintiffs' other claims as Miami Beach's "alleged failure to enact policies or provide officers a special training regimen 'to obtain a warrant to search seized items from arrestees' and 'to not seize and destroy photographic evidence.'" (Mot. to Dismiss 6, ECF No. 34 (quoting Third Am. Compl. ¶ 70(b-c).)  Miami Beach then argues that the Plaintiffs must show that it acted with deliberate indifference as to the need for better policies or training. Miami Beach concludes that the Plaintiffs have failed to establish a widespread practice because the examples alleged are not numerous enough, not similar enough and did not occur before the Plaintiffs' claims. (*Id.* at 8.)

Again, at this stage of the case, the Plaintiffs' allegations must be accepted as true. While random acts or isolated incidents are not sufficient to establish a custom or policy, where "several incidents involving the use of unreasonable and excessive force by police officers" are known to the municipality then liability under Section 1983 is viable. *Depew v. City of St. Marys, Ga.*, 787 F.2d 1496, 1499 (11th Cir. 1986). In *Depew* the Eleventh Circuit Court of Appeals upheld a jury's verdict holding a municipality liable for Section 1983 violations on the basis of *four* past incidences of officer misconduct presented to the jury. *Id.* at 1497-98.

In this case, the Plaintiffs have alleged five instances where Miami Beach police officers unlawfully searched and/or seized individuals' cameras or camera-phones. In three of the instances the officers destroyed images on the cameras or failed to return the cameras. (Third Am. Compl. ¶ 40(b), (d), (f), (g), & (i).)  The Plaintiffs have also alleged that Miami Beach was on notice of these unconstitutional practices by its officers, but that Miami Beach failed to take any remedial action. (*Id.* ¶¶ 44-47.)  Accepting these allegations as true, the Plaintiffs have sufficiently pleaded a case for municipal liability pursuant to Section 1983 under a theory that Miami Beach was deliberately indifferent to a pattern of constitutional violations that its police officers were engaging in on a widespread basis.

## IV. CONCLUSION

For the reasons set out in this Order, it is **ORDERED** that Defendant City of Miami Beach's Motion to Dismiss (ECF No. 34) is **DENIED**. Miami Beach must file its Answer to the Third Amended Complaint on or before **May 3, 2012**.

**DONE and ORDERED** in chambers, at Miami, Florida, on April 19, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

Copies to:
*Counsel of record*